UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PIA HOLMES | CIVIL ACTION NO. 17-1396 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SECRETARY OF VETERANS AFFAIRS, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court are multiple pending Motions to Dismiss filed by Defendants United States Veterans Initiative ("U.S.VETS"), Carla A. Ford, Brenda Threatt, Danielle Hanne, Larry Williams, Angela Hicks, Darwin Thomas, Kellie Hill Bouscher, Matamulisesula Filoialii, and Jessica Rohac (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b). See Record Documents 20, 23, and 41. Plaintiff Pia Holmes ("Plaintiff") opposes the motions. See Record Documents 25, 31, and 50. Defendants seek dismissal of all of Plaintiff's claims. For the reasons set forth below, Defendants' Motions to Dismiss are hereby **GRANTED**.

**I.    BACKGROUND**

Plaintiff brings this *pro se* suit against U.S.VETS, a nonprofit corporation located in Los Angeles, California, and several of its employees for allegedly committing various acts against her that, according to Plaintiff, constitute violations of Title VIII and other laws, all of which resulted in her unlawful eviction from U.S.VETS' housing facilities located in Long Beach, California. See Record Document 13 at 1–2; Record Document 20-2 at 1. Plaintiff also alleges that the above-referenced individuals, in their capacities as employees of U.S.VETS, took further illegal actions against her such as their alleged acts of intimidation, false accusations, and "obstruction of justice." Record Document 20-

1 at 2. Additionally, although Plaintiff filed the instant suit in Louisiana, all of the above-referenced acts which she alleges Defendants made against her, if accepted as true, took place only in California. See, e.g., Record Document 48 at 2–3.

Defendants contend that none of Plaintiff's claims are actionable and warrant dismissal for several reasons, including, *inter alia*, lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted. See Record Document 23 at 1–2. Plaintiff responds that none of Defendants' arguments asserted against her claims are legally correct and argues that their Motions to Dismiss should be denied. See Record Document 44 at 1–2, 15.

On April 23, 2018, Plaintiff filed an Amended Complaint, after having previously filed two complaints that were deemed deficient. See Record Documents 13, 9, and 1. In her Amended Complaint, Plaintiff requests an order from the Court finding Defendants liable for their alleged conduct and awarding her damages, in addition to any other relief the Court deems appropriate, because of Defendants' actions. See Record Document 25 at 20.

## II. LAW AND ANALYSIS

### A. Pleading and 12(b)(2) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Laplan, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction. See Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC, No. 16-0448, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018).

"Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (quoting D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)). Courts may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) (quoting Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985)).

Although Defendants' Motions to Dismiss also seek dismissal of Plaintiff's claims on grounds other than lack of personal jurisdiction, including lack of subject-matter jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted, see Record Document 23 at 1–2, the Court finds that the personal jurisdiction issue is dispositive of the instant case. Therefore, the Court declines to address Defendants' other grounds for dismissal.[1]

**B.     Personal Jurisdiction Under the Fourteenth Amendment**

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009). The Louisiana long-arm statute[2] is intended to effectuate "specific jurisdiction over an out-of-

---

[1] See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88, 119 S. Ct. 1563, 1572 (1999) (holding that courts are free to resolve simpler personal jurisdiction challenges before reaching potentially more difficult questions of subject-matter jurisdiction).

[2] Louisiana's long-arm statute, La. R.S. 13:3201, provides:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.

state defendant who has not consented to suit in the state of Louisiana." Charles v. First Fin. Ins. Co., 97-1185 (La. App. 3d Cir. 3/6/98), 709 So. 2d 999, 1001, writ denied, 98-933 (La. 5/15/98), 719 So. 2d 466. "The Louisiana long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process." Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 367 (5th Cir. 2010); see La. R.S. 13:3201(B). Therefore, the Court need only consider the second step of the inquiry of whether the exercise of personal jurisdiction over Defendants comports with the Due Process Clause of the Fourteenth Amendment.

Due process is satisfied for personal jurisdiction purposes when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Choice Healthcare, Inc., 615 F.3d at 367 (quoting Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999)). The "minimum contacts" prong of this two-part test may be further subdivided into contacts that give rise to general personal jurisdiction and specific

---

(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

personal jurisdiction. Id. at 368 (quotations omitted). General jurisdiction is proper when the defendant's contacts with the forum state are not only "substantial" but also "continuous and systematic"; furthermore, such contacts need not relate to the pending litigation. Daimler AG v. Bauman, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014). Therefore, general jurisdiction is typically unavailable unless it can be fairly said that the defendant is "at home in the forum state." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011).

"When the contacts are less extensive, the court may still exercise specific personal jurisdiction where a 'nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" Choice Healthcare, Inc., 615 F.3d at 368 (quoting Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir. 2008)). "A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 419 (5th Cir. 1993) (citations omitted). Courts have held that the "minimum contacts" prong is satisfied by actions by which the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Id. (citations omitted). Therefore, "[t]he non-resident[] [defendant's] purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." Id. (quotations omitted) (citations omitted).

However, "[e]ven if 'minimum contacts' exist, the exercise of personal jurisdiction over a non-resident defendant will fail to satisfy due process requirements if the assertion

of jurisdiction offends 'traditional notions of fair play and substantial justice.'" Id. at 421 (citations omitted). In determining this "fundamental fairness" issue, courts examine a number of factors such as "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." Id.

### C. Whether the Court has Personal Jurisdiction over Defendants

The Court first addresses whether it has general personal jurisdiction over Defendants. Additionally, for both its analyses of general and specific personal jurisdiction, the Court will first determine whether Plaintiff has established that Defendants have "minimum contacts" with Louisiana to meet the first prong of a personal jurisdiction analysis. If the Court determines that Defendants have sufficient "minimum contacts," it will then analyze whether exercising personal jurisdiction over Defendants would offend the "traditional notions of fair play and substantial justice."

In this case, the Court finds that Plaintiff's claims must be dismissed for lack of personal jurisdiction, whether general or specific, due to the near total absence of any meaningful contacts by Defendants with Louisiana. Regarding U.S.VETS, not only is its office located in California, but it also has no offices, employees, or a registered agent for service of process in Louisiana, and Plaintiff has not alleged any facts to suggest otherwise. See, e.g., Record Document 20-2 at 1. Likewise, none of the additional Defendants named in Plaintiff's Amended Complaint have ever resided in Louisiana or appear to have any other sort of meaningful contact with Louisiana, which Plaintiff also fails to dispute. See id. at 2.

Because of Defendants' almost complete lack of contacts with Louisiana, it is clear that Defendants are neither "at home" in Louisiana nor have contacts with Louisiana that even scarcely approach the degree of "substantial" and "continuous and systematic" for purposes of general personal jurisdiction. See <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014). Accordingly, the Court finds that it lacks general personal jurisdiction over Defendants in this case.

The Court next addresses whether Defendants have sufficient "minimum contacts" with Louisiana for purposes of specific personal jurisdiction. Although specific personal jurisdiction requires less extensive contacts than those required for general personal jurisdiction, Plaintiff must still establish that Defendants have "purposefully directed [their] activities at the forum state and [that] the litigation results from alleged injuries that arise out of or relate to those activities." <u>Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.</u>, 615 F.3d 364, 368 (5th Cir. 2010).

Here, Plaintiff has clearly failed to meet her burden in showing that Defendants have sufficient contacts for specific personal jurisdiction for the same reasons the Court found above that general personal jurisdiction is lacking. First, none of the facts or alleged actions by Defendants that Plaintiff describes in the Amended Complaint took place in Louisiana, and, furthermore, Plaintiff fails to allege any facts suggesting that Defendants purposefully directed such actions at Louisiana. <u>See, e.g.</u>, Record Document 44 at 15; Record Document 20-1 at 5.

In addition, Plaintiff attempts to argue that specific personal jurisdiction exists as to U.S.VETS because of a $2.00 donation she allegedly made via its website while she was in Louisiana. <u>See</u> Record Document 44 at 2–3. However, notwithstanding that

Plaintiff's use of the website appears to have been an attempt to create jurisdiction after the occurrence of the events she alleges in the Amended Complaint, see Record Document 44 at 3; see also Record Document 48 at 4, none of the alleged events Plaintiff describes arose out of her use of the website. See Record Document 48 at 4; Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 904–06 (E.D. La. 2014) (finding that plaintiff's use of defendant's website was insufficient to establish specific jurisdiction as plaintiff's alleged injury arose from defendant's alleged negligence, not from her use of the website). Thus, the Court determines that it lacks specific personal jurisdiction over Defendants as well.

Lastly, due to the Court's finding that the "minimum contacts" prong is not satisfied as to any Defendants for purposes of either general or specific personal jurisdiction, the issue of whether exercising personal jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice" is not addressed. See supra.

### III. CONCLUSION

Based on the foregoing reasons, Defendants' Motions to Dismiss (Record Documents 20, 23, and 41) are **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT